acm

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  99-40094-JAR |
| ) | 06-3016-JAR |
| **JAMES BRENTT WHEELER,** ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

### MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/Petitioner James Brentt Wheeler filed a Motion Under 28 U.S.C. section 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 98).  Petitioner has also filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 99).  After petitioner pleaded guilty to one count of a three count Indictment charging him with distribution of crack cocaine, he was sentenced in a judgment entered on November 14, 2000.  Eight days later on November 22, 2000, petitioner filed a Notice of Appeal to the Tenth Circuit.  On July 11, 2001, the Tenth Circuit affirmed petitioner's sentence.  Petitioner did not file a petition for certiorari with the Supreme Court.

Petitioner served his sentence in the custody of the Bureau of Prisons.  On July 30, 2004, petitioner was released from custody and began a four year period of supervised release.  On August 9, 2005, the Court granted a petition for Warrant or Summons for Offender Under Supervision (Doc. 74), filed by the United States Probation Officer assigned to petitioner's case, because petitioner was found in possession of a firearm, had failed to report for drug testing, and had tested positive for marijuana.  Petitioner was arrested on August 25, 2005 and has remained

1

in custody since that date. Petitioner filed this habeas petition on January 11, 2006, stating three grounds for habeas relief: (1) ineffective assistance of counsel for failing to object to the Presentence Investigation Report's inclusion of amounts of crack cocaine as relevant conduct; (2) violation of the Sixth Amendment ceiling by use of relevant conduct; and (3) his conviction was entered upon an involuntary guilty plea. The Court is scheduled to hold petitioner's Final Revocation Hearing on June 5, 2006.

The Court has jurisdiction in this case under 28 U.S.C. § 2255, which in relevant part permits "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence."[1] This Court denies petitioner's motion because it was filed out of time. Petitioner filed this habeas petition on January 11, 2006. Section 2255 states that habeas motions must be filed within one year from the latest of: (1) the date on which the judgment becomes final; (2) the date on which any impediment to making such a motion caused by government action is removed; (3) the date on which an applicable new Supreme Court decision is rendered; (4) or the date on which new evidence could have been discovered.[2]

To the extent petitioner is attempting to raise a challenge to his conviction under *United States v. Booker*,[3] the statute of limitation period is not extended under the third subsection of section 2255. While the statute does provide that the one-year limitation period begins running on the date on which a right has been newly recognized by the Supreme Court, it also requires

---

[1] 28 U.S.C. § 2255.

[2] 28 U.S.C. § 2255(1)-(4). Because petitioner filed his petition for habeas relief after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the AEDPA applies to his petition. *See generally Lindh v. Murphy*, 521 U.S. 320 (1997).

[3] 543 U.S. 220 (2005).

2

that the right be made retroactively applicable to cases on review.[4] The Tenth Circuit has determined that *Booker* does not have retroactive application to cases on collateral review.[5] Therefore, because petitioner's conviction is now final and on collateral review, *Booker* does not retroactively apply to his case.

Accordingly, the statute of limitation begins to run in this case on the date on which the judgment of conviction became final because petitioner has not shown any impediment to making a habeas motion caused by government action, an applicable new Supreme Court decision, or newly discovered evidence. The one-year limitation period of section 2255 is treated as 365 calendar days.[6] For purposes of section 2255, the Tenth Circuit considers a judgment of conviction final once the time for filing a petition for certiorari with the Supreme Court expires, if the prisoner does not file a petition for a writ of certiorari.[7] In this case, the one-year statute of limitation began to run on October 9, 2001, ninety days[8] after the Tenth Circuit affirmed petitioner's sentence. Thus, as of October 9, 2002, petitioner was time barred from filing a habeas petition. Because petitioner's motion was filed on January 11, 2006, more than three years after the expiration of the statute of limitation, the Court denies his request for

---

[4] 28 U.S.C. § 2255(3) ("The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .").

[5] *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005). Other circuits have reached the same conclusion that *Booker* does not retroactively apply to cases on collateral review. *See, e.g.*, *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 610 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 142 (2d Cir. 2005).

[6] *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that the anniversary rule applies to the one-year limitation period under AEDPA); *Marsh v. Soares*, 223 F.3d 1217, 1218 (10th Cir. 2000).

[7] *United States v. Branch*, 202 F.3d 1274, 1276 (10th Cir. 2000).

[8] S. Ct. R. 13(1).

habeas relief on this ground as well.  Because the Court denies petitioner's motion, his request to proceed in forma pauperis is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. section 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 98) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 99) is **DENIED** as moot.

IT IS SO ORDERED.

Dated this 15th day of May 2006.

                                 **S/ Julie A. Robinson**
                                 **JULIE A. ROBINSON**
                                 **UNITED STATES DISTRICT JUDGE**