ams/sel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. **99-40094-JAR** |
| | ) | **06-3016-JAR** |
| JAMES BRENTT WHEELER, | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Defendant/Petitioner James Brentt Wheeler filed a Motion to Vacate under 28 U.S.C. §

2255 (Doc. 122) and a Motion to Amend Habeas Corpus 28 U.S.C. § 2255 Pursuant to Federal

R. Criminal Procedures 15(A) (Doc. 127).[1]  Petitioner states two grounds for habeas relief from

the 36-month term of custody this Court imposed for violating the terms of his supervised

release: (1) ineffective assistance of counsel; and (2) improper application of the United States

Sentencing Guidelines by the Court.  Petitioner has also filed a Motion for Leave to Proceed in

forma pauperis (Doc. 123) and a Motion to Appoint Counsel (Doc. 124).  For the reasons

described below, petitioner's motions are denied.

## I.      Procedural Background

Petitioner pled guilty to one count of a three-count Indictment charging him with

---

[1]On petitioner's original form petition, he checked the box for "Motion to Reduce or Correct Sentence
Pursuant to Rule 35, Federal Rules of Criminal Procedure."  The Court has notified petitioner that his motion could
only be considered under § 2255 and gave him an opportunity to withdraw the motion no later than May 27, 2006.
Petitioner has not withdrawn the motion, despite being given the opportunity to do so.  As such, the Court construes
his motion as one brought under § 2255.

distribution of five or more grams of crack cocaine, a class B felony, and was sentenced on November 14, 2000 to a 78-month term of imprisonment followed by four years of supervised release. The sentence was affirmed by the Tenth Circuit Court of Appeals on July 11, 2001. Petitioner filed a motion to vacate that sentence pursuant to 28 U.S.C. § 2255 on January 11, 2006, based on alleged errors in his plea and sentencing (Doc. 98). This Court denied that motion because it was untimely (Doc. 117).

On July 30, 2004, petitioner was released from custody, but in August 2005, he was arrested for violating the terms of his supervised release. Specifically, petitioner violated the terms of his supervision in that he: (1) committed another federal, state, or local crime and illegally possessed a controlled substance while on supervised release; (2) was found in possession of a firearm; (3) failed to participate in an approved substance abuse program and (4) tested positive for marijuana. On November 2, 2005, petitioner was indicted in Case No. 05-40127-01-RDR for one count of being a felon in possession of a firearm based on the same conduct that formed the basis of the petition to revoke supervised release.

On June 6, 2006, the Court held a final revocation hearing in this case. The defendant stipulated to Grade B violations and the Court sentenced petitioner to 36 months of imprisonment—the statutory maximum.[2] In so doing, the Court acknowledged the advisory, non-binding Chapter 7 policy statements in the Guidelines, as well as the nature and circumstances of the violations, the characteristics of the defendant and the sentencing objectives required by statute. On August 18, 2006, Judge Rogers sentenced petitioner in the related case to a term of 30 months, 12 of which were ordered to be served consecutive to the 36-month term

---

[2]*See* 18 U.S.C. § 3583(e)(3).

2

imposed by this Court.

Petitioner filed this habeas petition on October 6, 2006, asking the Court to vacate the sentence imposed for violating the conditions of his supervised release based on ineffective assistance of counsel and misapplication of the Guidelines. He filed a motion to amend his petition on March 2, 2007, seeking to add a claim that his attorney was ineffective because she had a conflict of interest.

## II.     Motion to Amend

The Court may apply the Federal Rules of Civil Procedure to a § 2255 proceeding so long as they are not inconsistent with the statute or rules applicable to motions under § 2255.[3] Fed. R. Civ. P. 15(a) governs the amendment of pleadings. Rule 15(a) contemplates that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[4] Thus, motions to amend are matters of discretion for the trial court.[5] The Tenth Circuit has offered guidance by listing factors for courts to consider, such as futility of the amendment, a showing of undue delay, undue prejudice to the non-moving party, or bad faith of the moving party.[6] The Court finds that leave to amend is warranted here. The proposed amendment is narrow and adds a single ground to petitioner's preexisting ineffective assistance of counsel claim. The amendment will not cause

---

[3]28 U.S.C. foll. § 2255 R. 12.

[4]Fed. R. Civ. P. 15(a). Perhaps petitioner could also seek leave to amend as a matter of course since a responsive pleading has not been filed. However, since the only reason a response has not been filed is because the Court did not order the government to file one, the Court finds that the permissive amendment procedure is more appropriate here.

[5]*Woolsey v. Marion Lab., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[6]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

undue delay or prejudice and does not appear to be made in bad faith.  As such, the Court grants

petitioner's motion to amend his petition and considers his supplemental claim when denying

petitioner relief on the motion to vacate.

## III.    Motion to Vacate

The Court is required to conduct an evidentiary hearing on a motion under § 2255,

"[u]nless the motion and files and records of the case conclusively show that the prisoner is

entitled to no relief."[7]  The Court determines that the motion and files of this case are conclusive

in showing that Petitioner is entitled to no relief on the grounds asserted in his motion.[8]

"Collateral challenge may not do service for an appeal."[9]  The Court notes that because

petitioner failed to file a direct appeal of the revocation judgment, he is procedurally barred from

raising any issues in this § 2255 motion that he did not raise in a direct appeal, with the

exception of a claim for ineffective assistance of counsel.[10]  The procedural bar will not apply if

petitioner can establish "either cause excusing the procedural default and prejudice resulting

from the error or a fundamental miscarriage of justice of the claim is not considered."[11]  The

---

[7]§ 2255; *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert denied,* 532 U.S. 943 (2001) (internal quotation and citation omitted).

[8]The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that federal prisoners who have previously filed habeas motions must obtain leave from the court of appeals to file the second or successive motion in district court.  28 U.S.C. § 2255.  A § 2255 motion is classified as second or successive if a prior § 2255 motion challenging the same conviction and sentence has been decided on the merits.  *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000).  Because petitioner's challenge to his sentence for violating the provisions of his supervised release is based upon claims that could not have been brought in his first habeas petition filed on January 11, 2006, he need not obtain permission for the Tenth Circuit to file a second or successive motion in this Court.  *See Reeves v. Little*, 120 F.3d 1136, 1139 (10th Cir. 1997).

[9]*United States v. Frady*, 456 U.S. 152, 165 (1982).

[10]*See, e.g.*, *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

[11]*United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

4

claim that the Court misapplied the Guidelines in revoking petitioner's supervised release is procedurally barred, as it was not raised in a direct appeal.  Assuming petitioner can show cause for the procedural default, the Court proceeds to consider the merits of his argument and finds no error.

### A.      Ineffective Assistance

In order to succeed on a claim of ineffective assistance of counsel, petitioner must meet the two-prong test set forth in *Strickland v. Washington.*[12]  Under that test, petitioner must first show that his counsel's performance was deficient because it "fell below an objective standard of reasonableness."[13]  Second, he must show that counsel's deficient performance actually prejudiced his defense.[14]  "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance,' [and] the defendant bears the burden of proving counsel's representation was unreasonable under prevailing professional norms and that the challenged actions was not sound strategy."[15]  The Court must be mindful to "address not what is prudent or [even] appropriate, but only what is constitutionally compelled."[16]

Petitioner asserts ineffective assistance of counsel based on counsel's: (1) failure to make certain objections during the revocation hearing; (2) failure to discover police reports related to the search of his residence; (3) failure to file a notice of appeal; and (4) failure to withdraw due

---

[12]466 U.S. 668 (1984).

[13]*Id.* at 688.

[14]*Id.*

[15]*Kimmelman v. Morrison,* 477 U.S. 365, 381 (1986) (quoting *Strickland,* 466 U.S. at 689).

[16]*Burger v. Kemp,* 483 U.S. 776, 794 (1987); *see Bryan v. Mullin*, 335 F.3d 1207, 1224–25 (10th Cir. 2003).

to a conflict of interest.  This last basis for relief is asserted in petitioner's motion to amend. Fed. R. Civ. P. 15 applies to motions to amend in section 2255 cases as long as the motion is filed before the one-year limitation period expires.[17]  Rule 15(a) provides that amendment "shall be freely given when justice so requires."  Because the motion seeks to merely clarify a previously existing claim made in the original petition, the Court will grant leave to amend and consider this amended claim of ineffective assistance of counsel.

Petitioner first argues that his counsel was ineffective because she failed to object to certain statements in the police reports about the search of his residence on August 8, 2005. Specifically, petitioner argues that counsel should have objected to any reference that Topeka Police officers found drug paraphernalia in petitioner's house when they executed the search warrant on August 8, 2005 and any reference that he had been shot, as those representations are untrue.  Petitioner does not explain the basis for an objection to these statements, especially considering that the Rules of Evidence do not apply in a final revocation hearing.[18]  The Court is unable to find that the failure to object to this information fell below an objective standard of reasonableness.

Moreover, the presence of drug paraphernalia in petitioner's home was not the cause of any of the four supervised release violations that he stipulated to.  During the August 8, 2005 search, officers found the firearm that formed the basis of the violation of special condition #1—that he was prohibited from possessing or purchasing a firearm or other dangerous weapon

---

[17]*United States v. Ohiri*, 133 Fed. App'x 555, 559 (10th Cir. 2005) (citing *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)).

[18]Fed. R. Evid. 1101(d)(3); *see United States v. Reed*, 15 Fed. App'x 641, 643 n.1 (10th Cir. 2001) (citing *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994)).

while on supervised release.  Likewise, any reference to petitioner being shot would not have an effect on the violation at issue, which was simply that he possessed a firearm in violation of a condition of his supervised release.  As such, petitioner is unable to show prejudice to his defense by the failure of counsel to object to this evidence.

Petitioner's second claim is that his counsel was ineffective for failing to conduct proper discovery because she did not receive a copy of the police report before the final revocation hearing.  But petitioner stipulated that he violated the terms of his supervised release by possessing a firearm.  "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."[19]  Here, petitioner's possession of a firearm was the basis for the revocation of supervised release and also the basis for a new criminal case.  At no point does petitioner challenge or deny that he possessed a firearm.  Even if counsel's failure to obtain the police report fell below an objective standard of reasonableness, petitioner has failed to demonstrate that this prejudiced his case in any way, as the Court primarily relied upon the stipulated firearm violation in fashioning his sentence upon revocation.

Petitioner's next ground for ineffective assistance is counsel's failure to file an appeal.  According to his affidavit, petitioner represents that counsel refused to file an appeal on his behalf despite his request for her to do so.  He argues that counsel was unaware of 18 U.S.C. § 3742 and that this was somehow the reason behind her decision not to file an appeal and that her lack of familiarity with this statute is further evidence of her ineffectiveness.  "A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that

---

[19]*Strickland*, 466 U.S. at 691; *see also Thao v. Conover*, 159 Fed. App'x 842, 845 (10th Cir. 2005).

is professionally unreasonable."[20]  Petitioner attached to his original motion a letter dated June 6,

2000 (the same date as his revocation hearing) from his counsel that states the following:

> I do not intend to file a notice of appeal (unless you tell me to)
> since the sentence was discretionary and she explained her reasons
> clearly on the record and it doesn't matter since the other case
> controls.  I don't believe in pretending to my clients that they have
> a good case for appeal when they don't and do not try to raise my
> client's hopes by filing an appeal when there are no issues.  In the
> revocation, there are no issues I can even imagine to argue for re-
> sentencing.[21]

In his affidavit, petitioner maintains that he called counsel and advised her that he did wish to

file an appeal, and that she explained again that there was no basis for an appeal, especially since

the sentence in Judge Rogers' case was anticipated to run concurrent to the 36-month sentence in

this case.  Petitioner attests that he told counsel he would wait until he was sentenced in the other

case.  At some point after this, petitioner maintains that he discovered the appeal statute, 18

U.S.C. § 3742 and believes that counsel was unaware of the statute when they consulted about

an appeal.

But § 3742 is simply the statute authorizing appeals by defendants from otherwise final

sentences.[22]  Viewing the facts in the light most favorable to petitioner, counsel never advised

him that there was not authority for the filing of an appeal; instead, she explained that there was

no error on the part of the Court upon which to base an appeal.  While perhaps counsel did not

inform defendant of the deadline by which a notice of appeal under this statute needed to be

---

[20]*Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *United States v. Garrett*, 402 F.3d 1262, 1265 (10th Cir. 2005).

[21](Doc. 122 at 12.)

[22]§ 3742(e) has been held unconstitutional by *United States v. Booker*, 543 U.S. 220 (2005).

filed, there is no indication that defendant continued to insist on an appeal after counsel explained why there were no grounds for such.  As described in the next section, the Court's sentence upon revocation was fully explained in the record and was not greater than the maximum sentence allowed under the statute.  Most importantly, however, there is no resulting prejudice even if counsel's conduct fell below an objective standard of reasonableness.  The revocation sentence effectively amounted to 12 months, given the fact that Judge Rogers provided for a concurrent sentence in the related felon in possession case except for 12 months.  Therefore, as counsel explained to petitioner, the 36 months is "swallowed up by the other sentence" except for twelve months.

Petitioner's last ground for ineffective assistance of counsel, raised in his motion to amend, is failure of his counsel to withdraw due to a conflict of interest.  Petitioner argues that his counsel never read the relevant police reports relating to his violations because after glancing at them for a few moments, his counsel noticed the names of several of her other clients and told petitioner that she could not read the reports as this would give rise to a conflict of interest.  Petitioner argues that as a result of not reading these reports, counsel misrepresented the facts contained in the report when she informed the Court that petitioner was in possession of a firearm for protection because he had recently been shot at and that there was drug paraphernalia in the residence during the search.

"It is clear that the right to counsel guaranteed by the Sixth Amendment includes the 'right to representation that is free from conflicts of interest.'"[23]  When a defendant fails to raise a Sixth Amendment objection at trial, he must demonstrate "'that an actual conflict of interest

_____

[23]*United States v. Bowie*, 892 F.2d 1494, 1500 (10th Cir. 1990) (quoting *Wood v. Georgia*, 450 U.S. 261, 271 (1981)).

adversely affected his lawyer's performance.'"[24]  The standard for determining whether "defense counsel's performance was adversely affected by an actual conflict of interest" is met "if a specific and seemingly valid or genuine alternative strategy or tactic was available to defense counsel, but it was inherently in conflict with his duties to others or to his own personal interests."[25]

Petitioner argues that he was adversely affected by counsel's incorrect statement at the revocation hearing that he was in possession of a firearm for safety reasons, as he had previously been shot at.  Petitioner further argues that had his counsel read the police report, she would have known that he had not been shot at and would not have led "the Judge to believe that [petitioner] was envolved [sic] in gun fights and bullets were flying around."  In petitioner's opinion, counsel's failure to read the police report due to a conflict of interest affected her performance.

The police report stated petitioner was in possession of a firearm.  Furthermore, possession of a firearm is considered a serious violation as it poses safety risks to others and its seriousness can be seen in 18 U.S.C. § 3583(g) which makes revocation mandatory when a defendant is in possession of a firearm contrary to the supervised release agreement.[26]  The Court specifically referred to the policy statements in the Guidelines and statute that require it to revoke supervised release and sentence to a term of imprisonment under these circumstances. The reason for petitioner's possession is irrelevant as possession of a firearm for any reason was a violation of his terms of supervised release.

---

[24]*Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)).

[25]*Id.* (citations omitted).

[26]*See also* U.S.S.G. § 7B1.4, app. note 5.

Furthermore, petitioner did clarify on the record that he was not shot at but did not deny that he possessed the firearm.  He told the Court: "like it states in the police reports, upon them coming into my house they figured I might have a gun because I had been kidnapped and assaulted and my life was in jeopardy—but I wasn't shot—so they believed I had a gun."[27]  This statement does not defy the reasoning behind the Court's imposition of a 36-month sentence. The Court emphasized that the need to protect oneself is not a justification for being a felon in possession of a firearm and that the idea behind felon in possession laws is to entirely remove felons from a lifestyle that involves firearms.  Because petitioner has not demonstrated that an actual conflict adversely affected his lawyer's performance, habeas relief is not warranted on this ground.

In order to succeed on a claim of ineffective assistance of counsel under *Strickland*, petitioner must meet the two prong test described above.  Applying this standard, this Court finds no error in counsel's performance.  Moreover, as already discussed, there is no prejudice present on any of these claims, especially given that the revocation sentence runs concurrent with the sentence in the related case, except for 12 months. For these reasons, habeas relief is not warranted on the ground of ineffective assistance of counsel.

**B.       Improper Application of Sentencing Guidelines**

Petitioner's second argument for habeas relief is an improper application of the Guidelines.  When imposing a sentence following a revocation of supervised release, the court is to consider both the policy statements in the Guidelines and the sentencing factors in 18 U.S.C. §

---

[27](Final Revocation Hr'g Tr. at 9.)

3553(a).[28]  Unlike the majority of sections in the Guidelines, the suggested sentences for

violations of supervised release found in Chapter 7 of the Sentencing Manual have never been

mandatory.[29]  "[A]lthough the Chapter 7 policy statements are—like the rest of the guidelines,

post-*Booker*—advisory rather than binding, the trial court must consider them before imposing a

sentence for violation of supervised release, just as it must consider the now-advisory Guidelines

range when imposing a sentence in the first instance."[30]  A court must acknowledge the Chapter

7 range and consider it in light of the sentencing factors listed in 18 U.S.C. 3553(a) as well as

state its reasons for imposing a given sentence.[31]  A sentence in excess of the recommendation

found in the Guidelines policy statements "will be upheld if 'it can be determined from the

record to have been reasoned and reasonable.'"[32]

     Petitioner's supervised release was revoked because he was found in possession of a

firearm, had failed to report for drug testing, and had tested positive for marijuana multiple

times.  At the final revocation hearing, petitioner stipulated to each of the four violations, the

most serious of which was a Grade B violation.  The Court noted that the policy statements in

the Guidelines prescribe a term of imprisonment of 6-12 months for a Grade B violation with a

criminal history category II.  The Court considered all relevant factors set forth in 18 U.S.C. §

---

[28]*United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006); *see* 18 U.S.C. § 3583(e).

[29]*United States v. Shields*, No. 06-3309, 2007 WL 1087302, at * 1 (10th Cir. Apr. 12, 2007).

[30]*Id*. at * 2 (internal citations omitted).

[31]*Id*. (citing *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1258–59 (10th Cir. 2006); *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004)).

[32]*United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005) (quoting *United States v. Tsosie*, 376 F.3d 1210, 1218 (10th Cir. 2001)); *United States v. Ceja-Martinez*, No. 06-3339, 2007 WL 1519874, at * 3 (10th Cir. May 25, 2007).

3553(a) in determining petitioner's sentence and considered relevant aggravating factors under 18 U.S.C. § 3553(b) such as the safety risk posed to the public due to the possession of a firearm. In determining an appropriate sentence, the Court gave great weight to the danger defendant posed to the community and his past conduct.  The Court also mentioned that the petitioner does not appear to be amenable to supervision, given his non-compliance with multiple conditions of supervised release.  In light of these considerations, the Court's sentence of 36 months was reasonable and supported by the purpose and factors of the policy statements in Chapter 7 as well as the factors in § 3553(a).

### III. Motion to Appoint Counsel

Additionally, petitioner's motion for appointment of counsel must be denied.  Petitioner requests appointment of counsel because he is currently incarcerated and unable to afford counsel.  Prisoners do not have "a constitutional right to counsel when mounting collateral attacks upon their convictions."[33]  However, Rule 8(c) of the Rules governing section 2255 proceedings permits appointment of counsel "if the interest of justice so requires."[34]  The Rule only requires appointment of counsel if an evidentiary hearing on the motion is required.[35]  An evidentiary hearing is not required and the Court finds that the interest of justice does not require appointment of counsel in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that

(1)  petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

---

[33]*Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987).

[34]28 U.S.C. foll. § 2255 R. 8(c).

[35]*Id.*

Sentence (Doc. 122) is **DENIED**;

(2)  petitioner's Motion to Amend (Doc. 127) is **GRANTED**;

(3)  petitioner's Motion to Appoint Counsel (Doc. 124) is **DENIED**;

(4)  petitioner's Motion to Leave to Proceed in Forma Pauperis (Doc. 123) is **DENIED** as

moot.

**IT IS SO ORDERED.**

Dated this __11th_ day of June 2007.

  _S/ Julie A. Robinson_____
Julie A. Robinson
United States District Court